UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADA SHABELLY SANTOS SHELTON,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-1799

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.      Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (ECF No. 1-1, PageID.11–12.) In an order entered on June 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 15, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Cuba and Spain who was granted lawful permanent resident status in 2023. Op., *Santos Shelton v. Raycraft* (*Santos Shelton I*), No. 1:26-cv-148 (W.D. Mich. Feb. 17, 2026) (ECF No. 6). On September 19, 2025, Petitioner returned to the United States at the Detroit Metropolitan Airport after leaving the country for a brief time. *Id.* During her inspection, Petitioner admitted to engaging in prostitution and was detained and charged with inadmissibility pursuant to Section 212(a)(2)(D)(i) of the Immigration and Nationality Act (INA). *Id.* On December 10, 2025, an immigration judge sustained the charges and found Petitioner removable from the United States. (Koval Decl. ¶ 9, ECF No. 5-1, PageID.119.)

Petitioner filed her first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 14, 2026, in *Santos Shelton I*. In *Santos Shelton I*, the Court dismissed Petitioner's § 2241 petitioner without prejudice. Op. & Jud., *Santos Shelton I*, No. 1:26-cv-148 (W.D. Mich. Feb. 17, 2026) (ECF Nos. 6, 7).

On February 10, 2026, the Detroit Immigration Court ordered Petitioner removed to Ecuador. (Koval Decl. ¶ 10, ECF No. 5-1, PageID.119.) Petitioner did not appeal that order, rendering it administratively final on March 13, 2026. (Warning for Failure to Depart, ECF No. 1-4, PageID.20.)

ICE possesses all necessary documents to remove Petitioner to Ecuador. (Koval Decl. ¶ 12, ECF No. 5-1, PageID.120.) On June 12, 2026, ICE selected Petitioner for placement on a removal mission to Ecuador scheduled for June 2026 and awaiting approval from the Government of Ecuador. (*Id.* ¶ 13.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Petitioner contends that she is being improperly subjected to mandatory detention without the opportunity for bond. Respondents counter Petitioner's arguments by arguing that Petitioner is subject to detention under 8 U.S.C. § 1231(a).

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on December 18, 2025. The 90-day removal period following the order expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that even after expiration of the statutory 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time to achieve the noncitizen's removal. *See Zadvydas*, 533 U.S. at 701. The *Zadvydas* Court recognized six months as a presumptively reasonable period of detention anticipated by the statute. *Id*. Even after that time, detention may still be warranted, but "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

3

sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained less than six months following the entry of her final order of removal. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. In contrast, Respondents have submitted an affidavit demonstrating that Petitioner's removal is likely to take place within the month. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## V.      Other Claims and Other Forms of Relief

Because the Court will deny Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    June 23, 2026                          /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge